IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MICHAEL SAMUELS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| NELSON, WATSON & ASSOCIATES, LLC, | § | |
|     Defendant. | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, NELSON, WATSON & ASSOCIATES, LLC, pursuant to 28 U.S.C. §§1332 and 1441, and removes this action from the 132nd Judicial District Court of Scurry County, Texas to the United States District Court for the Northern District of Texas—Lubbock Division. Removal is proper on the following grounds:

1. On November 1, 2010, an action for violation(s) of 15 U.S.C. § 1692 *et seq.*, Tex. Fin. Code § 392.304 *et seq.*, and Tex. Bus. & Com. Code § 17.41 *et seq.*, was filed in the 132nd Judicial District Court of Scurry County, Texas styled, *Michael Samuels v. Nelson, Watson & Associates, LLC.*, and bearing Cause No. 23772.

2. On November 19, 2010, a Summons and a copy of Plaintiff's Original Petition were served on the registered agent of Nelson, Watson & Associates, LLC. Attached hereto as Exhibits "C-1" and "C-2" are copies of the Summons and Original Petition served on the registered agent of Nelson, Watson & Associates, LLC.

## BASIS FOR REMOVAL

*Federal Question*

3. Removal to Federal Court is proper because the claims asserted are federal-questions. 28 U.S.C. §1441(a); *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 2131 (2006).

4.  Specifically, Plaintiff alleges Defendant violated 15 U.S.C. §1692, *et. seq*.

5.  Plaintiff's claim(s) arise under Federal law because 15 U.S.C. §1692 is the Fair Debt Collection Practices Act. Plaintiff's claimed damages arise out of out of Defendant's alleged violation of said Act.

6.  Removal is proper in this case because the plaintiff has brought "separate and independent" claims against Nelson, Watson & Associates, LLC for which the district courts of the United States have been given original jurisdiction. *See* 28 U.S.C. § 1331 (2010). Federal statute provides that:

> [w]henever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2010) (emphasis added). The plaintiff in the present case brought separate and independent claims against Nelson, Watson & Associates, LLC, and the claims arise under the FDCPA. *See Exhibit C-1* at ¶¶ 2-5, 10-15. Thus, the claims against Nelson, Watson & Associates, LLC are within this court's federal question jurisdiction.

***Complete Diversity***

7.  Removal of this cause to this Court is sought pursuant to the provisions of 28 U.S.C. §1441, and the time for filing this Notice of Removal as set forth in 28 U.S.C. §1446 has not expired.

8.  Removal to federal court is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiff is a natural person residing in Scurry County. Plaintiff's citizenship as evidenced by Plaintiff's petitions constitutes prima facie evidence of his domicile in the State of Texas.

9.  Defendant's principal place of business is Haverhill, Massachusetts.

10. The above-described civil action is one for which this Court has original jurisdiction, pursuant to 28 U.S.C. §1332.

11. Based on the claims of Plaintiff, Plaintiff seeks damages in this lawsuit for violation(s) of 15 U.S.C. §1692, Tex Fin Code § 392.304(a)(19), Tex. Bus. & Com. Code § 17.41 et seq., actual damages, exemplary damages, emotional/mental anguish damages, all statutory additional damages, all attorneys fees, costs of court, pre-judgment and post-judgment interest at the highest lawful rates, discretionary additional damages in an amount not to exceed three times the amount of economic damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLIANCE WITH LOCAL RULE 81

12. This Notice of Removal; all pleadings, process and other filings in the state court action; and an identification of all counsel of record are collectively attached to this notice as required by 28 U.S.C. §1446(a), as Exhibit "A."

13. Pursuant to Local Rule 81, Defendant has also included a copy of the state Court's docket sheet, as Exhibit "B;" copies of each document filed in the state court action, as Exhibits "C-1" through "C-4".

## NOTICE

14. Defendant will promptly file a copy of this Notice of Removal with the state court where the action has been pending and will promptly give notice of the filing and serve this Notice of Removal to all parties pursuant to 28 U.S.C. § 1446(d).

15. Contemporaneous with the filing of this Notice of Removal, Nelson, Watson & Associates, LLC will give written notice thereof to Plaintiff and file a copy of the Notice of Removal with the Clerk of the 132nd Judicial District Court of Scurry County, Texas, and provide this Court with a Proof of Filing in state court. *See Exhibit "D"*

## JURY DEMAND

16. Plaintiff demanded a jury trial in the state court action. Pursuant to the requirements set forth in 28 U.S.C. § 1446 and Local Rule 81, removal of the 132nd Judicial District court of Scurry County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division, is proper.

## CONCLUSION

17. All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a), as Exhibit(s) "C-1" through "C-4".

18. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action is pending.

WHEREFORE, Defendant Nelson, Watson & Associates, LLC prays that the above-captioned action now pending against it in the 132nd Judicial District Court of Harris County, Texas, be removed to the United States District Court for the Northern District of Texas—Lubbock Division and issue this matter a cause number in which to proceed in your Honorable Court.

Respectfully submitted,
Roberts Markel PC

/s/ Gregg S. Weinberg

---

Gregg S. Weinberg
Fed. No. 6799
TBA No. 21084150
Rick Anderson
Fed. No. 986458
TBA No. 24059047
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
(713) 840-1666
Fax: (713) 840-9404
Attorneys for Defendant,
Nelson, Watson & Associates, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service on this the 17th day of December, 2010.

Mr. Dennis R. Kurz
Weisberg and Meyers, LLC
5927 Almeda Road #20818
Houston, TX 77004

Mr. Dennis R. Kurz
Weisberg and Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77004

/s/ Gregg S. Weinberg

---

Gregg S. Weinberg